Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BEVERLY G. BOONE**, | ) |
| Plaintiff, | ) Case No. 7:06CV00006 |
| v. | ) **OPINION** |
| **UNITED STATES ATTORNEY, ET AL.**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendants. | ) |

*Beverly G. Boone, Plaintiff Pro Se; Thomas J. Bondurant, Jr., Chief, Criminal Division, United States Attorney's Office, Roanoke, Virginia, for Defendants.*

In this action for attorney's fees and expenses under the Hyde Amendment, I find that the claim is barred by the statute of limitations or alternatively, by the defendant's prior waiver.

I

In 2002 the government charged Cecil B. Knox, III, a Roanoke physician, and Beverly G. Boone, who was employed as his nurse and office manager, in an 83-count indictment arising out of their medical practice. The charges included RICO violations, health-care fraud, and illegal distribution of controlled substances. In

2003 the defendants were subjected to an eight-week jury trial on a Third Superseding Indictment. On October 31, 2003, the jury returned a verdict acquitting Boone of all drug-related charges, but deadlocking on the other charges against her. A mistrial was declared and the trial judge later denied Boone's motion for judgment of acquittal as to the deadlocked charges.

The illness of Boone's co-defendant Knox delayed a retrial and in the meantime the government obtained a Fourth, Fifth, and Sixth Superseding Indictment.[1] Finally, on September 14, 2005, the government and Boone entered into a written Agreement for Pretrial Diversion, by which Boone accepted responsibility for a misdemeanor charge of aiding and abetting in the crime of knowingly violating the terms of a federal health-care program assignment. *See* 42 U.S.C.A. § 1320a-7b(e) (West 2003). Boone agreed that

> [i]n exchange for the United States' agreement not to prosecute this charge, and it's [sic] motion to dismiss this charge and the Sixth Superseding Indictment immediately, I stipulate that the United States had probable cause to bring all counts in said indictment which are being dismissed under the agreement, that these charges were not frivolous, vexatious or in bad faith, and that I am not a "prevailing party" with regard to these charges. I further waive any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

---

[1] Dr. Knox eventually entered a guilty plea and was sentenced to a term of probation.

On September 16, 2005, on the government's motion, the court entered an order dismissing "the Indictment" against Boone. On September 19, 2005, a revised order was entered dismissing "the Indictment" against Boone "with prejudice."

On January 4, 2006, proceeding pro se, Boone brought the present civil action under the Hyde Amendment, Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519 (1997) (found as statutory note to 18 U.S.C.A. § 3006A (West 2000)), seeking an award of reasonable attorney's fees and other litigation expenses incurred in the defense of the drug charges of which she was acquitted at trial. In response, the government has filed a Motion to Dismiss, which motion has been briefed and argued and is ripe for decision.

II

The government moves to dismiss the Complaint on two separate grounds. The first is that the action is barred by the thirty-day statute of limitations set forth in 28 U.S.C.A. § 2412(d)(1)(B) (West 1994); the second is that in the Agreement for Pretrial Diversion Boone expressly waived any claim for attorney's fees and litigation expenses.

These grounds will be considered seritiam.

- 3 -

A

The Hyde Amendment provides that

> [T]he court, in any criminal case (other than a case in which the defendant is represented by assigned counsel paid for by the public) . . . may award to a prevailing party, other than the United States, a reasonable attorney's fee and other litigation expenses, where the court finds that the position of the United States was vexatious, frivolous, or in bad faith, unless the court finds that special circumstances make such an award unjust. Such awards shall be granted pursuant to the procedures and limitations (but not the burden of proof) provided for an award under section 2412 of title 28, United States Code.

Pub. L. No. 105-119, § 617, 111 Stat. 2440, 2519. The reference in the Hyde Amendment is to the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (West 1994 & Supp. 2005). The limitations provision of the EAJA provides in pertinent part that

> A party seeking an award of fees and expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award . . . .

28 U.S.C.A. § 2412(d)(1)(B). This provision is mandatory and bars an untimely application. *See Myers v. Sullivan*, 916 F.2d 659, 666 (11th Cir. 1990).

In support of its motion, the government points out that Boone's action seeking attorney's fees and litigation expenses was not filed until seventy-nine days after the court's order was entered dismissing the indictment against her with prejudice.

- 4 -

In response, Boone first argues that the Hyde Amendment does not incorporate the limitations period of § 2412(d)(1)(B), citing the holding of *United States v. Holland*, 34 F. Supp. 2d 346, 357-58 (E.D. Va.), *reconsidered on other issue*, 48 F. Supp. 2d 571 (E.D. Va. 1999), *aff'd*, 214 F.3d 523 (4th Cir. 2000). However, on this point *Holland* has been universally rejected. *See Masterson v. United States*, 200 F. Supp. 2d 94, 98-101 (D.R.I. 2002) (reviewing cases). I agree with the government that the limitations period of § 2412(d)(1)(B) is applicable here.

Alternatively, Boone contends that because no judgment was ever entered on the jury's verdict of acquittal of the drug counts, the period of limitations has yet to commence.

While the rules contemplate an order of the court memorializing a verdict of not guilty, *see* Fed. R. Crim. P. 32(k)(1), I find that Boone's cause of action accrued following the entry of the September 19, 2005, dismissal order. The EAJA defines a "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C.A. § 2412(d)(2)(G) (West Supp. 2005). The September 19 order recited that "the Indictment" was dismissed with prejudice. That order ended any prosecution of Boone on any of the offenses charged. Once the appeal period had expired, *see* Fed. R. App. P. 4(b)(1), the September 19 order met

the definition of a final judgment under the EAJA. The present action was filed more than thirty days later.[2]

If Boone's argument were correct, then her action would be subject to dismissal on the ground that is was premature, no final judgment having been entered. *See Skip Kirchdorfer, Inc. v. United States*, 803 F.2d 711, 712 (Fed. Cir. 1986).

For these reasons, I hold that Boone's action is barred as untimely.

B

The government alternatively contends that Boone waived the present claim for attorney's fees and litigation expenses in her Agreement for Pretrial Diversion. I agree.

In accord with recognized principles of contract law, I must consider the plain meaning of the words used. While the agreement refers to the Sixth Superseding Indictment and its charges, the pertinent language in question provides that "[Boone] *further* waive[s] any claim for attorney's fees and other litigation expenses arising out

---

[2] At least in this district, it is not customary to enter an order immediately following trial memorializing a verdict where the defendant has been found not guilty of some charges but other charges remain. That is because the criminal judgment form in use in the federal courts contains a place to recite whether the defendant was found guilty or not guilty as to each count. *See* Form No. AO-0245, Judgment in a Criminal Case. If the defendant is eventually convicted of the remaining charges, the criminal judgment will so reflect. If the defendant is eventually acquitted of the remaining charges, a final judgment of acquittal will be entered.

- 6 -

of the investigation or prosecution *of this matter*." (Emphasis added.) I find that the only reasonable interpretation of that phase, contained in a document styled in the name and number of the criminal case, is that Boone intended to waive her claims as to the investigation or prosecution of any charges in the case. Of course, Boone may have had a subjective intent to the contrary, but it is the objective manifestation of intent, as shown by the words used in the agreement, that governs.

Accordingly, I alternatively hold that the present claim is barred by Boone's waiver. *See Masterson v. United States*, 200 F. Supp. 2d 94, 101-02 (D.R.I. 2002) (holding that claim under Hyde Amendment can be waived).

III

For the foregoing reasons, the government's Motion to Dismiss will be granted and the case dismissed.

A separate judgment will be entered forthwith.

DATED: April 21, 2006

/s/ JAMES P. JONES
Chief United States District Judge